Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| RUBÉN ORTIZ RAMOS Y OTROS<br><br>Recurrido<br><br>v.<br><br>IDALIS GÓMEZ HOMS Y OTROS<br><br>Peticionario | TA2025CE00417 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm. FA2025CV00448<br><br>Sobre:  Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de diciembre de 2025.

Comparece ante nos, la **Sra. Idalis Gómez Homs** (en adelante, "señora Gómez Homs" o "peticionaria") para que revoquemos la *Orden* emitida y notificada el 11 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante 'tribunal de instancia" o "TPI").[1] Mediante esta, el tribunal declaró *No Ha Lugar* a las mociones de desestimación presentadas por la señora Gómez Homs y por la Sra. Elba Leticia Homs Hernández (en adelante, "señora Homs Hernández").[2]

Examinada la totalidad del expediente, resolvemos **denegar** la expedición del auto de *certiorari* solicitado.

**-I-**

El caso de autos se originó el **1 de mayo de 2025**, ocasión en que el Sr. Rubén Ortiz Ramos y la Sra. Gladys Mojica (en conjunto, "parte recurrida"), presentan una demanda de cobro de dinero en

---

[1] Véase, Entrada Núm. 18 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").
[2] Véase, Entradas Núm. 11 y 12 de SUMAC.

contra de la señora Idalis Gómez Homs, el señor Francisco Gómez Homs, la señora Limari Gómez Homs y la señora Elba Leticia Homs Hernández (en conjunto, "codemandados").[3] En resumen, aducen que los codemandados le adeudaban la cantidad de $28,512.00 por concepto del pago adelantado que efectuaron para las mejoras de un camino en brea que da acceso a sus fincas. Hicieron referencia a una "*Carta compromiso aceptación términos proyecto pavimentación camino de acceso*", en la cual los codemandados consintieron en cederles 2.16 cuerdas por la cantidad pagada para la construcción del referido camino. No obstante, como no se segregó la finca, acordaron que los codemandados les pagarían la cantidad de $28,512.00 —equivalentes a las 2.16 cuerdas—. A pesar de lo acordado, los codemandados nunca pagaron lo adeudado, aun cuando se les requirió el pago. Por lo tanto, solicitaron al TPI que ordenara el pago de lo adeudado, más las costas y honorarios de abogado.

El **28 de julio de 2025**, la codemandada **señora Gómez Homs** presentó una *Moción de desestimación.*[4] Solicitó, entre otros, que se desestimara la demanda de referencia por falta de parte indispensable; ausencia de legitimación activa; falta de jurisdicción sobre la persona; y, por dejarse de exponer una reclamación que justificara la concesión de un remedio. De igual modo, **ese mismo día**, la codemandada **señora Homs Hernández** radicó una *Moción de desestimación.*[5] Arguyó, en esencia, que procedía se desestimara con perjuicio la demanda, por falta de jurisdicción y por dejarse de exponer una reclamación que justificase la concesión de un remedio.

Así pues, el **7 de agosto de 2025**, la parte recurrida sometió dos mociones tituladas: *Moción en oposición a la moción de*

---

[3] Véase, Entrada Núm. 1 de SUMAC.
[4] Véase, Entrada Núm. 11 de SUMAC.
[5] Véase, Entrada Núm. 12 de SUMAC.

*desestimación de la parte demandada.* En resumen, estas refutaron los argumentos de las codemandadas y solicitaron se declarara *No Ha Lugar* las mociones de desestimación presentadas.[6]

El **11 de agosto de 2025**, el tribunal de instancia dictó la *Orden* recurrida, en la que determinó: "*NO HA LUGAR MOCIÓN DE DESESTIMACIÓN PRESENTADA*".[7]

Inconforme, el **6 de septiembre de 2025**, la codemandada **señora Idalis Gómez Homs** instó la *Petición de Certiorari* que nos ocupa y señaló la comisión del siguiente error:

> *EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ Y ABUSÓ DE SU DISCRECIÓN AL DECLARAR NO HA LUGAR LAS MOCIONES DE DESESTIMACIÓN, AL PERMITIR LA CONTINUACIÓN DE UNA DEMANDA JURÍDICAMENTE INSUFICIENTE, CONTRARIA A LA REGLA 10.2 DE PROCEDIMIENTO CIVIL Y A LA JURISPRUDENCIA APLICABLE.*

El **9 de septiembre de 2025**,[8] emitimos una *Resolución* en la cual concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debamos expedir el auto de *certiorari* solicitado.

El **19 de septiembre de 2025**, la parte recurrida sometió el *Alegato parte demandante apelada.*

El **21 de septiembre de 2025**, la **peticionaria señora Idalis Gómez Homs** presentó una *Réplica a la oposición de la petición de certiorari.*

**Al día siguiente**, la codemandada **señora Homs Hernández** radicó un *Alegato de no oposición a la expedición del auto de certiorari.*

De este modo, el **23 de septiembre de 2025**,[9] emitimos una *Resolución* en la cual dimos por sometido el recurso para la consideración del Panel. Además, tomamos por no presentada la

---

[6] Véase, Entradas Núm. 13 y 15 de SUMAC.
[7] Véase, Entrada Núm. 18 de SUMAC.
[8] Notificado al día siguiente.
[9] Notificado al día siguiente.

*Réplica a la oposición de la petición de certiorari* sometida el 21 de septiembre de 2025, por la **peticionaria señora Idalis Gómez Homs**.

**-II-**

**-A-**

El auto de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[10] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[11]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 <u>o de la denegatoria de una moción de carácter dispositivo</u>. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. <u>Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión</u>. [...].[12]*

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

---

[10] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[11] *García v. Asociación,* 165 DPR 311, 321 (2005).

[12] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*

(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[13]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[14]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[15]

**-III-**

En esencia, la peticionaria nos señala que el TPI incidió al declarar *No Ha Lugar* las mociones de desestimación que les fueron presentadas.

Un examen de la *Orden* recurrida nos lleva a determinar que se trata de una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de decidir los casos de la manera que entiendan razonable.

Es decir, aunque nos encontramos ante una denegatoria de una cuestión dispositiva, la misma es una razonable por lo que no contemplamos la expedición del *certiorari*, bajo la Regla 52.1 de Procedimiento Civil, *supra*. Tampoco estamos ante los **criterios**

---

[13] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).

[14] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[15] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

establecidos en la citada Regla 40 del Reglamento del Tribunal de Apelaciones que nos permitan intervenir con la decisión tomada por el TPI.

A tono con lo antes expuesto, resolvemos que no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, no intervendremos con la determinación recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones